# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

IVERSON DAMON LANG, )
                                   )
    Plaintiff, )
                                   )
v. )
                                   )    CV419-003
MRS. K. BROWN, *Unit Mail Clerk*, )
*et. al.*, )
                                   )
    Defendants. )

## ORDER

Proceeding *pro se* and *in forma pauperis*, plaintiff Iverson Damon Lang brings this 42 U.S.C. § 1983 complaint against the Chatham County Detention Center mail staff, including unit clerk K. Brown and unit counselor E. Patterson, and Sheriff John T. Wilcher as their supervisor and jailhouse policymaker. The Court screens plaintiff's Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.[1]

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in Barnes' Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory

Liberally construing[2] his allegations, plaintiff pleads a Sixth Amendment violation of his right to counsel.[3] Doc. 1. He alleges that his legal mail (mail from his attorney and from the "Clerks of Superior Courts") is being opened outside of his presence and over his repeated objection. *Id.* at 3 & 8. When he grieved the issue, he was told that opening his mail was merely a routine part of defendants' "job." *Id.* at 7. In this Circuit, it is "a violation of an inmate's constitutional rights for [ ] prison officials to read legal mail." *Lemon v. Dugger*, 931 F.2d 1465, 1467 (11th Cir. 1991).

> The basic prisoner interest is an uninhibited communication with attorneys. . . . [P]risoners have a vital need to communicate effectively with [their attorneys]. This is to insure ultimately that the judicial proceedings brought against or initiated by prisoners are conducted fairly. Since the prisoner's means of communicating with these parties are restricted sharply by the fact of incarceration, the essential role of postal communication cannot be ignored.

---

allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2] *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

[3] "Pre-trial detainees are ordinarily most interested in communication with attorneys as a vital component of their right to counsel in pending criminal prosecutions. Since the right to effective counsel under the Sixth Amendment extends only to criminal matters, [cite omitted], it is applicable solely to pre-trial detainees or to a convicted prisoner being tried on additional charges or contesting the legality of a previous conviction." *Taylor v. Sterrett*, 532 F.2d 462, 472 (5th Cir. 1976).

*Taylor*, 532 F.2d at 475, quoted as binding precedent in *Lemon*, 931 F.2d at 1467; *Al-Amin v. Smith*, 511 F.3d 1317, 1330-31 (11th Cir. 2008) ("inmates have a constitutionally protected right to have their properly marked attorney mail opened in their presence" to "insure[ ] that prison officials will not read the mail and thus [will] not chill attorney-inmate communication." (quote and cite omitted)). Although "inspection of attorney-client privileged mail relating to criminal matters may impose an undue burden on the Sixth Amendment's right to counsel," *Moore v. Hoeven*, 2008 WL 1902451 at *10 (D.N.D. Apr. 28, 2008), accidental openings and openings where the contents of the mail go unread do not, *Ford v. Coleman*, 2015 WL 3404191 at *11 (M.D. Fla. May 26, 2015). Here, plaintiff alleges that mail from his attorney is intentionally opened and reviewed outside his presence as a matter of policy, instituted and enforced by Sheriff Wilcher. That is enough, at this stage, to warrant a response from defendants.

The Clerk, therefore, is **DIRECTED** to forward a copy of this Order along with Lang's Complaint to the Marshal for service upon defendants Brown, Patterson, and Wilcher so that they may respond to his access-to-counsel claim.

3

Meanwhile, plaintiff must pay for filing this lawsuit. Based upon his furnished information, he maintains an average monthly balance of $183.65. Doc. 9. Lang therefore owes an initial partial filing fee of $36.73. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $36.73 from plaintiff's account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented

4

immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO ORDERED**, this  21st  day of February, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA