# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

IVERSON DAMON LANG,           )
                              )
    Plaintiff,             )
                              )
v.                            )      CV419-003
                              )
MRS. K. BROWN, *et al.*.,     )
                              )
    Defendants.            )

# ORDER

Iverson Damon Lang, *pro se* and *in forma pauperis*, has filed a "motion for discovery/statement of claim" with the Court, setting forth several conclusions about how he has been wronged. Doc. 43. There are no actual discovery *requests* referenced in the document, only a copy of a submitted grievance is attached, and no Certificate of Service is provided to indicate that defendants were actually served with this "motion" as required by the Federal Rules of Civil Procedure (by which even *pro se* litigants must abide). The Court informs Lang, yet again (*see* docs. 35, 40 & 42) that

> If Lang wishes to serve discovery on defendants, he must do so pursuant to the Federal Rules of Civil Procedure — meaning, any discovery requests are mailed *to the party* (or that party's attorney) from whom he seeks that discovery. *See* Fed. R. Civ. P. 5(b)

> (describing procedure for service). The United States Marshal Service is not needed for this purpose. Discovery requests are *not* filed with the Court. Fed. R. Civ. P. 5(d) (initial disclosures and discovery requests/responses are *not* filed until they are used for a motion or the court orders them to be filed). The Court will *not* order defendants to produce discovery materials absent a showing of good faith, meaningfully meet and confer efforts. And to do that, plaintiff must serve his discovery requests *on defendants*.

Doc. 35 at 1-2.

> Put differently, *every discovery request served on the Court will be denied*. Discovery requests must be served *on defendants*. Only if defendants unreasonably refuse to respond — and even then, only after meaningful attempts to informally resolve the issue have been exhausted — will any motion to compel discovery be entertained. *See* S.D. Ga. L. R. 26.5 (parties must meaningfully meet and confer before seeking the Court's intercession).

Doc. 41 at 1-2.

Lang must litigate this case the same way every other litigant does: pursuant to the Federal Rules of Civil Procedure and Local Rules of the Southern District of Georgia. The Court assumes, given the flurry of discovery motions he has submitted, that Lang merely has not yet received the Court's first unambiguous denial and clear direction warning him to cease papering the Court with discovery requests that can *only* be served on the opposing parties in this case. But this is Lang's *final* warning. If he again flouts this Court's clear orders and the applicable Rules, plaintiff's case *will be recommended for dismissal* as a

2

sanction for willfully refusing to abide a Court order. To the extent plaintiff actually seeks some discovery materials, this request too (doc. 43) is **DENIED**.

**SO ORDERED**, this __10th__ day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA